UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Colleen Anderson,  )  )  Plaintiff,  )  )  v.  )  )  First Student, Inc. et al.,  )  )  Defendants.  )  ) | Civil Action No. 10-11829 |

**MEMORANDUM & ORDER**

**CASPER, J.**   August 8, 2011

## I. Introduction

Plaintiff Colleen Anderson ("Anderson"), a schoolbus driver employed by Defendant First Student, Inc. ("First Student"), has sued First Student and her supervisors there, co-defendants, James Quinlan ("Quinlan") and Linda Ames a/k/a Linda Briggs ("Ames") (collectively, "the Defendants"). She claims that she was terminated from her employment in retaliation for her report that one of the elementary students on her route, the granddaughter of Ames, had complained that she had been abused by her parent. In her complaint, originally filed in Plymouth Superior Court on August 31, 2010, Anderson alleges illegal retaliation against a mandated report of child abuse in violation of Mass. Gen. L. c. 119, § 51A ("§ 51A") (Count I); interference with business relations (Count II); failure to supervise against First Student (Count III); and intentional infliction of severe emotional distress (Count IV). ( D. 1, Exh. A). Defendants removed the case to this Court on October 27, 2010 on the grounds that this Court had jurisdiction over Anderson's state law claims

1

pursuant to 28 U.S.C. § 1441 and Section 301 ("§ 301") of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (D. 1). Shortly thereafter, on November 9, 2010, Defendants moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (D. 5). Anderson opposed the motion to dismiss and simultaneously moved to remand the case to state court. (D. 10, 12). Her opposition included a request that the Court certify the question of whether a schoolbus driver is a "mandated reporter" under § 51A to the Supreme Judicial Court. (D. 12). Defendants subsequently moved to strike certain exhibits attached to Anderson's opposition to their motion to dismiss. (D. 14). The Court (Saris, J.) referred the pending matters to the magistrate session (Collings, M.J.). (Docket entry, 12/8/10). The case was reassigned to this session on January 27, 2011. (D. 19). A hearing was held before Magistrate Judge Collings on the pending motions and request for certification on February 7, 2011. The magistrate judge (Collings, M.J.) issued his report and recommendation on May 12, 2011 recommending that this Court deny Anderson's motion for remand; grant Defendants' motion to strike certain exhibits; grant Defendants' motion to dismiss Counts II, III and IV, but give Anderson leave to amend the complaint and deny Defendants' motion to dismiss Count I. The Defendants have now filed objections to the report and recommendation, D. 22, and Anderson has responded to those objections.[1]

**II.  Discussion**

A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court, pursuant to

---

[1]The Defendants moved, over Anderson's objection, for leave to file a reply to Anderson's response to their objections. (D. 25, 26). The Court now grants the Defendants' motion and has considered their reply brief along with the other filings.

28 U.S.C. § 636(b)(1), must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the parties have objected." Id.; see Fed. R. Civ. P. 72(b)(3). The Defendant have registered two objections to the report and recommendation, both of which concern the recommendation that this Court not dismiss Count I, the alleged retaliatory action in violation of § 51A. Anderson has not filed any objections to the report and recommendation, but has only filed a response to the Defendants' objections. Accordingly, the parties have not filed any objections to the report and recommendation concerning the magistrate judge's recommendation that this Court dismiss Counts II, III and IV pursuant to Fed. R. Civ. P. 12(b)(6). With no objections from the parties, see Thomas v. Arn, 474 U.S. 140, 150 (1985); Keating v. Secretary of Health and Human Services, 848 F.2d 271, 275 (1st Cir. 1988), and in light of the analysis in the magistrate judge's report in regard to the disposition of these Counts, the Court adopts and accepts this portion of the recommendation and DISMISSES Counts II, III and IV pursuant to Fed. R. Civ. P. 12(b)(6).

Having dismissed Counts II, III and IV, this Court must turn to whether it still has or should exercise subject matter jurisdiction the remaining claim–Count I. In recommending denial of Anderson's motion to remand (a recommendation to which neither party has objected), the magistrate judge correctly noted that "'any state law claim which is subject to complete preemption under Section 301 of the LMRA is considered a claim arising under federal law within the district court's jurisdiction. . . . Section 301 completely preempts a state law claim, if the resolution of [the] state-law claim depends upon the meaning of a collective bargaining agreement.'" Report & Recommendation at 9 (quoting Magerer v. John Sexton & Co., 912 F.2d 525, 528 (1st Cir. 1990) (internal citations and quotation marks omitted)). Accordingly, the magistrate judge concluded that

3

this Court had jurisdiction over this case because resolution of Count II, the claim of interference with business relations, necessarily involved "interpretation of the parties' right and authority under the [collective bargaining agreement] and, as a result, is preempted under § 301." Report & Recommendation at 12. Having concluded that there was federal jurisdiction over Count II, the magistrate judge did not need to reach whether Count I independently gave rise to jurisdiction since the Court could exercise jurisdiction over all of Anderson's claims. See 28 U.S.C. § 1441(c); Commonwealth v. V&M Mgmt., Inc., 929 F.2d 830, 834-35 (1st Cir. 1991). Given the dismissal of Count II (along with Counts III and IV), the Court turns to whether it has jurisdiction over Count I and does so in the context of addressing the Defendants' first objection since whether Count I is preempted by the LMRA is key to both the jurisdictional issue that this Court now considers and the magistrate judge's recommendation regarding the Defendants' motion to dismiss Count I.

The Defendants object to the Report and Recommendation for two reasons: namely, that the magistrate judge erred in recommending that their motion to dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(6) be denied because 1) section 301 of the LMRA preempts this claim; and 2) his "implicit legal conclusion" that § 51A is ambiguous was entered without any supportive findings of fact. Def. Objs. at 1.

As to the first objection, this Court agrees with the magistrate judge's analysis as to Count I only inasmuch as the magistrate judge concluded that Anderson's claim under Count I that the Defendants retaliated against her for making a mandated report of child abuse under § 51A is not preempted by § 301. Although the mandate of the LMRA is broad, "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." Livadas v. Bradshaw, 512 U.S. 107, 123-24 (1944) (citing Allis-Chalmers Corp. v. Lueck, 471 U.S.

4

202, 213 (1985) and Lingle v. Norge Div. Of Magic Chef, Inc., 486 U.S. 399, 409 (1988)). There are a certain class of claims that are not preempted by the LMRA; "the common denominator [of such claims] is that they depend on an obligation, usually rooted in public policy, that goes beyond the interests of the individual claimant." O'Donnell v. Boggs, 611 F.3d 50, 56 (1st Cir. 2010). This Court is hard pressed to think of a claim more rooted in public policy and that goes beyond the interests of the individual claimant than one alleging retaliatory action for reporting a claim of suspected child abuse under § 51A. Nothing about the legal character of this claim, or the allegations in the complaint supporting Count I (Complaint, ¶¶ 44-52), rises or falls upon any of the parties' rights and obligations under the CBA and "the bare fact that a collective-bargaining agreement will be consulted in the course of . . . litigation plainly does not require the claim to be extinguished." Livadas, 512 U.S. at 124. Accordingly, this Court overrules the Defendants' objection to the recommendation that its motion to dismiss Count I be denied on this basis. Moreover, this same analysis bears upon whether this Court has jurisdiction over Count I because preemption by § 301 of the LMRA may be the basis for this Court's jurisdiction, 29 U.S.C. § 185(a), as it can be the basis for dismissal as preempted by federal labor law. Allis-Chalmers Corp., 471 U.S. at 220; Lingle, 486 U.S. at 403. Accordingly, as this Court concludes that Count I is not preempted by the § 301 of the LMRA, this Court cannot have jurisdiction over this lone claim on the basis of § 301.

Given the dismissal of Counts II through IV and in light of the Court's ruling that Count I is not preempted by the LMRA and in the absence of any other assertion of subject matter jurisdiction, the only basis for this Court to exercise subject matter jurisdiction over the remaining claim, Count I, is to exercise supplemental jurisdiction over this state law claim under 28 U.S.C. §

5

1367. Uphoff Figueroa v. Alejandro, 597 F.3d 423, 430 n. 10 (1st Cir. 2010) (noting that "a district court has discretion to decline to exercise supplemental jurisdiction after dismissing 'all claims over which it ha[d] original jurisdiction'") (quoting 28 U.S.C. § 1367(c)(3)); Salamea v. Macy's East, Inc., 426 F.Supp.2d 149, 156 (S.D.N.Y. 2006) (ruling that "because both of the claims preempted by [§] 301 [of the LMRA] are dismissed and there are no remaining federal claims, the Court declines to exercise supplemental jurisdiction over this purely state law claim [involving whether the defendants were negligent in presently allegedly false testimony before the state unemployment insurance division]"). In light of this decision dismissing the federal claims, Counts II through IV, 28 U.S.C. § 1367(c)(3), and given that Count I involves a novel and important issue of state law involving the construction of § 51A, 28 U.S.C. § 1367(c)(1), this Court respectfully declines to exercise its supplemental jurisdiction over Count I. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998); see, e.g., Salamea, 426 F.Supp.2d at 156; Ortiz v. Prudential Ins. Co., 94 F.Supp.2d 225, 241 (D. Conn. 2000). Accordingly, Count I is remanded to state court.[2]

**III. Conclusion**

For the foregoing reasons, the report and recommendation of Magistrate Judge Collings is ADOPTED and ACCEPTED in part by the Court. Accordingly, the Court adopts and accepts the report and recommendation to the extent that the Court now rules that Anderson's Motion to Remand the complaint in its entirety (#10) is DENIED; the Defendants' motion to dismiss (#5) is GRANTED in part as to Counts II, III and IV; and the Defendants' Motion to strike Exhibits A-D (#14) is ALLOWED. The Court declines to adopt the report and recommendation to the extent that

---

[2]Having declined to exercise supplemental jurisdiction over Count I, the Court need not address Anderson's request that the Court certify the § 51A issue to the Supreme Judicial Court. Upon remand, the courts of the Commonwealth will have the opportunity to address this issue.

it recommended denial of dismissal of Count I pursuant to Fed. R.Civ. P. 12(b)(6). Instead, for the reasons stated above, this Court declines to exercise its supplemental jurisdiction over Count I and, accordingly, REMANDS Count I to state court.[3] To the extent that the Report and Recommendation

recommended that the Court give Anderson leave to amend her complaint, that recommendation is NOT adopted.[4]

**So ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3]This Court need not address Defendants' second objection to the Report and Recommendation–i.e., that the magistrate judge's implicit legal conclusion that § 51A was without any supportive findings of fact–since this Court is declining to exercise supplemental jurisdiction over Count I and expresses no opinion about the merits of Defendants' argument about the scope of § 51A. See, e.g., Samuel v. Ozmint, 2008 WL 512736, *4 n. 2 (D.S.C. February 25, 2008).

[4]It appears from the Report and Recommendation that the magistrate judge was recommending that Anderson be given leave to file an amended complaint alleging new and different claims under § 301 of the LMRA and then, if Anderson chose not to amend, recommending that the Court decline to exercise its supplemental jurisdiction over Count I. See Report & Recommendation at 23; see also Def. Objs. at 3 n. 2. There is, however, no explanation for this recommendation giving Anderson leave to amend in the report and, in light of the ruling in this Order dismissing Counts II through IV and remanding Count I, the Court declines, in its discretion, to adopt this portion of the recommendation.